IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

QUINTON DANTE ROBINSON,

    Petitioner,                      No. CIV S-09-1560 LKK GGH P

    vs.

CALIFORNIA ATTORNEY GENERAL,

    Respondent.                    FINDINGS & RECOMMENDATIONS

_____/

Introduction

        Petitioner, an inmate in Sacramento County proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's September 3, 2009, motion to dismiss to which petitioner filed an opposition after which respondent filed a reply.

Background

        Petitioner was convicted in 1999 of sexual battery of a victim who was not a minor under Cal. Penal Code § 243.4, and in 2003, he was convicted of being an ex-felon in possession of a firearm. Petition, p. 5. As a result of the passage of "Megan's Law," which applied retroactively, petitioner alleges he has had his parole revoked for a total of twenty (20) months for "curfew" violations. Id.

In the instant petition, petitioner challenges a February 11,[1] 2009, revocation of his parole for which he received a sentence of nine months. Petition, p. 1. Petitioner raises the following grounds: 1) special conditions of parole constitute cruel and unusual punishment; 2) petitioner was denied due process during revocation proceedings. Id., at 5, 7.

Motion to Dismiss

Respondent moves for dismissal of the petition on the grounds that both claims are unexhausted and that claim 1, alleging that the special conditions of parole constitute cruel and unusual punishment, is, in addition, procedurally defaulted. Motion to Dismiss (MTD), pp. 1-5.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

Respondent argues correctly that to exhaust his state court remedies, petitioner must provide the highest court in the state with "a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." MTD, p. 2, quoting Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982) citing Picard v. Connor, 404 U.S. 270, 276-77, 92 S. Ct. 509 (1971); also citing, Kelly v. Small, 315 F.3d 1063, 1069 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).

---

[1] At one point, respondent references petitioner's three claims (MTD, p. 2); however, neither petitioner nor the court has identified more than two.

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

> It is not enough that all the facts necessary to support the federal claim were before the state courts, id., at 277, 92 S.Ct., at 513, or that a somewhat similar state-law claim was made. See, e.g., *Gayle v. LeFevre*, 613 F.2d 21 (CA2 1980); *Paullet v. Howard*, 634 F.2d 117, 119-120 (CA3 1980); *Wilks v. Israel*, 627 F.2d 32, 37-38 (CA7), cert. denied, 449 U.S. 1086, 101 S.Ct. 874, 66 L.Ed.2d 811 (1980); *Connor v. Auger*, 595 F.2d 407, 413 (CA8), cert. denied, 444 U.S. 851, 100 S.Ct. 104, 62 L.Ed.2d 67 (1979). In addition, the habeas petitioner must have "fairly presented" to the state courts the "substance" of his federal habeas corpus claim. *Picard*, supra, 404 *U.S. at 275, 277-278, 92 S.Ct. at 512, 513-514*. See also, *Rose v. Lundy*, 455 U.S. 509, --, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982).

Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 277

Respondent is also correct that petitioner has the burden of proving exhaustion of state court remedies and that in California a petitioner must present his claims to the California Supreme Court. Id., citing Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981); Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986).

Respondent also contends, and the state supreme court petition presented as Exhibit 1 to the motion confirms, that petitioner did not assert the claims he raised in the instant petition before the state supreme court. MTD, pp. 2-3, Court Document 11-2, Exh. 1, pp. 1-48. Within that petition the sole ground for relief raised was that "petitioner is being prejudiced by lower courts['] 'post-card' denials for relief that is [sic] not applicable." MTD, Court Doc. 11-2, p. 4. Petitioner included as supporting facts that he appeared before the BPH on March 22, 2008, for violation of special conditions of parole, "good cause" was found and his parole was revoked for nine months. Id. Petitioner goes on to state within his state supreme court habeas petition that there is no administrative appeal process for parole revocation decisions such as his and contends that at both the superior court and state appellate court level, his petitions were wrongly denied on the basis of a failure to exhaust administrative remedies (with a second state court petition denied as successive[3]). Id., at 4-6. Petitioner asserts within that petition that he is

---

[3] Petitioner identifies the second petition that he filed as having been presented to the state appellate court, but it appears that this is mistaken as the second state court petition deemed

attaching exhibits showing his having sought "administrative relief which has nothing to do with the revocation proceedings." Id., at 6. Petitioner continues in his state supreme court petition stating that "[i]f this Court reviews the Court of Appeals decision, it will note that the Court of Appeals did not rule on its merit. Made no reference to the issues or otherwise. This is a clear injustice." Id. Petitioner evidently did not include a copy of the lower court decision that he referenced within that petition, but did include a number of exhibits, some of which are illegible in the copy of the supreme court petition filed in this court by respondent, as well as attaching a copy of the special conditions of parole applicable to him. Id, 10-46.

Respondent cites Baldwin v. Reese, 541 U.S. 27, 32, 124 S. Ct. 1347 (2004), for the proposition that a petitioner does not fairly present an issue for purposes of exhaustion pursuant to AEDPA when the appellate judge can only discover the issue by reading a lower court opinion and asks this court to dismiss the petition for a failure to exhaust state judicial remedies. MTD, p. 3. Respondent includes a copy of the Third District Court of Appeal's denial of petitioner's petition to that court dated November 6, 2008, denying the petition for failure to exhaust administrative remedies (apparently included with petitioner's application to the state supreme court). MTD, Court Document 11-2, Exh. 1, p. 10 & Exh. 2, p. 50. Although petitioner references a post-card denial by the California Supreme Court (Opposition (Opp.), p. 8), neither party provides a copy of any such document; on the other hand, respondent does not assert that the state supreme court petition that was presented was denied.

For his part, petitioner concedes that his claims are "technically unexhausted" (Opposition (Opp.), p. 2), which respondent notes in the reply (p. 1). Petitioner contends that this is so because the lower courts did not rule on the merits of his claims. Id. Petitioner recounts that he proceeded on his claims by way of a habeas corpus petition to the state superior court following a Board of Prison Term[s] (currently Board of Parole Hearings, hereafter, BPH)

---

successive was filed in the superior court. See MTD, Court Doc. 11-2, Exh. 2, pp. 66-68; Opp., pp. 18-20.

1 revocation hearing, and that he filed a subsequent petition in the state superior court challenging
2 his special conditions of parole, which he alleges was a new claim of which he learned belatedly.
3 Id., at 2-3. Petitioner asks the court to review the lower court decision wherein he asserts that the
4 reasons for why each claim failed was elucidated. Id.

5 The state superior court found that as to his initial petition, petitioner had not
6 provided the requisite supporting documentation and identified other deficiencies such that he
7 had failed to set forth a prima facie case for relief, denying the petition on that basis. MTD,
8 Court Document 11-2, Exh. 2, p. 67; Opp., p. 19. As to the second petition challenging the
9 validity of his special conditions of parole, the lower court found that petitioner should have
10 sought leave to file a supplemental petition in the initial habeas petition case number and not
11 filed a new petition, that he had failed to exhaust his administrative remedies pursuant to CAL.
12 CODE REGS. tit.xv, § 3084.7(g) with regard to the special conditions of parole claim, and that,
13 citing In re Robbins, 18 Cal.4th 770, 811-812, 812 n. 32[, 77 Cal. Rptr 2 153 (1998)], and In re
14 Clark, 5 Cal.4th 750, 774-775[,21 Cal. Rptr.2d 509 (1993)], as a new claim in a stand-alone
15 second petition it would be barred as successive, repeating that in any event the claim would fail
16 for failure to exhaust administrative remedies. MTD, Court Document 11-2, Exh. 2, pp. 67-68;
17 Opp., pp. 19-20.

18 Petitioner herein maintains that there is no administrative appeal process available
19 with regard to his claims, and, although it is unauthenticated, he submits a copy of a
20 memorandum which states that as of May 1, 2004, the BPH no longer has an appeals unit, that
21 claims regarding, inter alia, due process, the parole revocation process, early discharge requests,
22 good cause findings for hearings cannot be appealed to the BPH and that any challenges must
23 proceed by way of the courts.  Id., at 2, 12. While respondent does not contest this, petitioner
24 does not appear to be correct with respect to the claim regarding special conditions of parole.
25 Under CAL. CODE REGS. tit.xv, § 3084.7(g):

26 Conditions of Parole Appeals. An inmate dissatisfied with

> conditions of parole imposed by departmental staff may submit an appeal requesting removal or change of the conditions.
>
> (1) Within 15 working days following receipt of the decision outlining conditions of parole, the appellant shall submit the appeal form directly to the appeals coordinator of the parole region where the case is assigned.
> (2) The informal and first level reviews shall be waived. The appeals coordinator shall forward the appeal to the regional parole administrator for second level review.
> (3) An appellant dissatisfied with second level review decision, may file the appeal at third level.
> (4) An appellant dissatisfied with a third level review decision may submit the appeal to the Board of Prison Terms pursuant to 15 CCR sections 2525 and 2526.

See also, In re Hudson, 143 Cal. App. 4th 1, 7-8, 49 Cal. Rptr.3d 74, 78-79 (Cal. App. 2006).

In addition, as to petitioner's claim that his special conditions of parole constitute cruel and unusual punishment, respondent contends that in addition to being unexhausted in state court, it is also procedurally defaulted. MTD, pp. 3-6. Petitioner's efforts to administratively exhaust the special conditions of parole claim were apparently thwarted by his failure to have it completed through the second level of review, according to the Inmate Appeals Branch. MTD, Court Document 11-2, Exh. 1, pp. 23, 25. Petitioner had asked that the appeal (evidently unsuccessfully) be forwarded to the correct office by the IAB. Id., at 24.

There is a threshold issue here, however, that respondent does not address. In his opposition, petitioner states that he could not proceed on his claims (or re-visit them) in state court now because they would be moot as the revocation period at issue in this petition, i.e., the sentence he received for this particular parole revocation, has been completed. Opp., p. 9. In fact, he avers that he has not only completed that revocation but several others besides. Id.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005), quoting Preiser v. Rodriguez,

6

411 U.S. 475, 484, 93 S. Ct. 1827 (1973).

> In *Spencer v. Kemna*, *supra*,[4] the Supreme Court considered the issue of whether a case or controversy continues to exists [sic] after a prisoner has been released from custody. In that case, petitioner challenged his re-incarceration for a parole violation. While the habeas action was still pending, petitioner completed his term of imprisonment on the parole violation and was released from custody. The Supreme Court held that the petitioner's habeas action was rendered moot by his release because of the lack of a continuing injury or "collateral consequence." *Spencer*, 523 U.S. at 7. Unlike criminal convictions which entail adverse collateral consequences, the court refused to extend the presumption of collateral consequences to parole revocations. *Id*. at 8. Thus, the Supreme Court rejected petitioner's arguments that his action was not moot because the parole revocation could be used to his detriment at future parole proceedings, to increase his sentence in a future sentencing proceedings, and to impeach him as a witness in future criminal proceedings or litigation. *Id*. at 14-16. It was reiterated that mootness deprives the court of the power to act because under such circumstances there is simply nothing for the court to remedy even if it were disposed to do so. *Id.* at 18.

Spencer v. Wong, 2007 WL 2746604 * 4 (S.D. Cal. 2007).

Petitioner argues that the only recourse available to him is for this court to rule on the merits of his claims so that a writ of habeas corpus might issue after which petitioner would seek to be immediately discharged from parole because if the special conditions had never been imposed petitioner would have a better chance of completing his parole period due to early discharge. Opp., p. 9. Petitioner, however, seeks to bootstrap too much upon this petition which challenges a single parole revocation on February 11, 2009, resulting in a nine-month sentence from which petitioner has been discharged at this point by his own admission (and, of course, as is evident by the calendar).

> The Court notes that subsequent to the Supreme Court's holding in *Spencer* the Ninth Circuit determined that a petitioner challenging a parole revocation or release date deferral has his federal habeas petition rendered moot when he is released on parole regardless of whether he is returned to custody on a parole violation. *Burnett v. Lampert*, 432 F.3d 996, 999-1001 ([9th Cir.] 2005); see also *Cox v.*

---

[4] Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978 (1998).

7

*McCarthy*, 829 F.2d 800, 803 (9th Cir.1987) (claim moot because petitioner cannot be released from term imposed for violating parole that he has already served).

Spencer v. Wong, supra.

The case has been rendered moot by the expiration of the sentence that is the subject of this petition. "[M]ootness, however, it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not is the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." Spencer v. Kemna, 523 U.S. at 18, 118 S.Ct. at 988.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss, filed on September 3, 2009 (docket # 11), be denied, but that this case be dismissed on the ground of mootness.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 06/07/2010

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
robi1560.mtd